**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CYNTHIA LOBBINS, individually and on behalf of all others similarly situated, | ) ) ) | **JURY TRIAL DEMANDED** |
| Plaintiff, | ) ) | |
| v. | ) ) | No. |
| BANK OF AMERICA, NATIONAL ASSOCIATION f/k/a BAC HOME LOANS SERVICING, LP, HSBC BANK USA, NATIONAL ASSOCIATION, HSBC BANK USA, NATIONAL ASSOCIATION, FOR THE BENEFIT OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2006-NC3, ASSET BACKED PASS-THROUGH CERTIFICATES, and DOES 1-20, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**CLASS ACTION COMPLAINT**

NOW COMES Plaintiff Cynthia Lobbins, individually and on behalf of others similarly situated, by and through her counsel, and, based on personal knowledge as to matters pertaining to Plaintiff, and upon information and belief following investigation of counsel, alleges as follows as for her Class Action Complaint against Bank of America, National Association, ("BOA"), HSBC Bank USA, National Association and HSBC Bank USA, National Association, for the benefit of Ace Securities Corp. Home Equity Loan Trust, Series 2006-NC3, Asset Backed Pass-Through Certificates (together, "HSBC"), and Does 1-20 – collectively, the "Defendants":

1.      Plaintiff's home has been the object of judicial foreclosure proceedings.  But, Defendants have also pursued their own methods of foreclosing on Plaintiff's property, independent of the courts.

2. Without Plaintiff's knowledge or consent, and while Plaintiff's home was in judicial foreclosure, Defendants forcibly entered her property, *e.g.*, Defendants and their agents broke into Plaintiff's home on multiple occasions, boarded-up and destroyed her property, and changed the home locks.

3. Plaintiff seeks to prevent Defendants from continuing to forcibly, unlawfully, and improperly enter the homes of Plaintiff and other home loan borrowers in default or in foreclosure. Plaintiff likewise seeks declaratory and injunctive relief, equitable relief and damages for herself and similarly situated home loan borrowers arising out of entry, by Defendants and their agents, into the homes of Plaintiff and similarly situated borrowers while they were in financial distress and delinquent on their home loans.

**PARTIES, JURISDICTION AND VENUE**

4. Plaintiff, Cynthia Lobbins, is a citizen of the State of Illinois and resides in Cook County, Illinois.

5. Defendant HSBC Bank, USA, National Association d/b/a HSBC Bank USA, is the principal banking subsidiary of HSBC USA Inc., is organized under the laws of the State of Maryland, has its principal office in the State of New York, and is the named party and trustee to the pooling and servicing agreement purportedly governing assets and ownership interests inclusive of Plaintiff's subject mortgage. Defendant HSBC Bank USA, National Association, for the benefit of Ace Securities Corp. Home Equity Loan Trust, Series 2006-NC3, Asset Backed Pass-Through Certificates, was the plaintiff named in the judicial foreclosure lawsuit, described below against Plaintiff, which alleged that it is legal holder of Plaintiff's mortgage and resulting indebtedness. Said Defendants are collectively referenced herein as "HSBC."

6.      Defendant, Bank of America, National Association ("BOA") is a wholly owned subsidiary of Bank of America Corporation, is organized under the laws of the State of Delaware, and has its principal office in North Carolina.  BAC Home Loan Servicing LP ("BAC Servicing") was the servicing arm and wholly owned subsidiary of Bank of America, but BAC is now the recent successor by merger to BAC Home Loans Servicing, L.P.  BAC Servicing formerly did business or was formerly known as Countrywide Home Loans Servicing, LP, and operated as a Texas limited partnership with its principal place of business in Calabasas, California.  BAC and at relevant times BAC Servicing  and Countrywide Home Loans Servicing, LP were the loan servicer of mortgages held by lenders such as HSBC and secured by properties such as Plaintiff's and other members of the Class; below, Plaintiff thus asserts conduct and liability attributable to BOA, in part, by virtue of the acts of these predecessors, and therefore refers to such predecessor conduct simply as BOA's conduct.  Following discovery, Plaintiff reserves the right to name such predecessor entities or other Doe Defendants, who are legally responsible for the conduct of BAC Servicing and Countrywide Home Loans Servicing, LP.

7.      Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein under the fictitious names Does 1 through 20, inclusive, and therefore, sues such Defendants by such fictitious names.[1]  Plaintiff will seek leave to amend her complaint to allege the true names and capacities of said fictitiously named defendants, if appropriate, when their true names and capacities have been ascertained. Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named Doe Defendants is legally responsible in some manner for the events and occurrences alleged herein.

---

[1] Doe Defendants and the named Defendants are referenced herein collectively as "Defendants".

8.     At relevant times, BOA, HSBC and Doe Defendants perpetrated their conduct below individually and/or by and through their agents, including other Doe Defendants, over whom Defendants exerted operational control concerning the facts at bar and with whom Defendants combined and conspired to commit the herein alleged misconduct, and such allegations and supporting facts alleged herein are pleaded in the alternative as applicable and as permitted by applicable law.

9.     Plaintiff is informed and believes and based thereon alleges that Doe Defendants were at relevant times acting as agents of and conspirators with BOA and/or HSBC, and that acts alleged herein occurred within the course and scope of said agency, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and/or ratification of BOA and/or HSBC.  Plaintiff's allegations are deemed alternative theories whenever not doing so would result in a contraction with the other allegations.

10.     Jurisdiction is proper before the Court pursuant to 28 U.S.C. 1332(d)(2) and the Class Action Fairness Act.  At least one member of each proposed class is a citizen of a State different from the States where respective Defendants are citizens.  Upon information and belief, each Class proposed below numbers in excess of 100 members.  Plaintiff is informed and/or reasonably believes that the amount in controversy in this proceeding exceeds the sum or value of $5,000,000, and Defendants are subject to personal jurisdiction in this judicial District.

11.     Venue is proper in this judicial District in that Defendants regularly transact business in this District, and the conduct complained of herein occurred in this District.

## SUBSTANTIVE ALLEGATIONS

### Relationship of the Named Defendants to the Alleged Misconduct

12.     As set forth more fully below, Plaintiff entered into a loan to finance the purchase of her home.

13.     HSBC sought to judicially foreclose on Plaintiff's home, which is the security interest for the mortgage that has been bundled into a security instrument in which HSBC is the trustee.  HSBC filed its foreclosure lawsuit against Plaintiff in the Circuit Court of Cook County, Illinois, in March 2008.

14.     BOA, formerly known or doing business as BAC Servicing, formerly did business as Countrywide Home Loans Servicing, LP.  In connection with another Countrywide entity, at relevant times BAC Servicing serviced millions of home loans for its lender clients, which would include tracking, tallying and imposing relevant charges in connection with borrower loan accounts, and asserting debts against borrowers like Plaintiff, including unlawful charges for default for default property services as set forth more fully below.  In March 2008, prior to being acquired by Bank of America, in or around July 2008, Countrywide was ranked as the top mortgage servicer in the United States.

15.     Plaintiff is informed and reasonably believes that the entity that is now BOA was the loan servicer for her mortgage at relevant times (including when Plaintiff was allegedly in default on her loan beginning in January 2008), for Plaintiff was required to make loan payments to Countrywide at relevant times prior to BOA's acquisition of Countrywide in July 2008; BOA and BAC Servicing predecessor Countrywide Home Loans Servicing LP is named as the servicer in the pooling and servicing agreement for the trust in the name of which HSBC filed its foreclosure lawsuit against Plaintiff; and BOA advised Plaintiff in writing that effective July 1,

2011, the mortgage servicing of former BOA subsidiary BAC Servicing was transferred to BOA. Thus, as the mortgage servicer at relevant times, Plaintiff reasonably believes that the entity now known as BOA ordered the default-services and imposed the related charges at issue.

### Defendants' Alleged Misconduct

16.     HSBC at relevant times extended, maintained or purported to own home loans and mortgages (including ownership of the security interest in such loans) held by Plaintiff and other home loan borrowers, and has claimed entitlement to the associated loan debts following borrower default.

17.     BOA (*i.e.,* herein, specifically, BAC and at relevant times its predecessor entities BAC Servicing and Countrywide Home Loans Servicing LP) provides servicing for HSBC and other lenders, and administered and ordered services to be performed for properties in loan default.

18.     Given the massive volume of homes upon which HSBC has sought to effect judicial foreclosure, HSBC, individually or by its agents such as BOA, at relevant times contracted with mortgage field service companies including Doe Defendants.

19.     Such Doe Defendants provide lender field services or default-related services for properties, such as Plaintiff's, when the home loan borrower is in delinquency or default, upon which lenders like HSBC are seeking to "collect."

20.     In particular, lenders like HSBC, by their agents such as BOA, tracked Plaintiff's and other borrower loans in delinquency and default *en masse*.  When a borrower became delinquent on a loan, BOA ordered various lender field services or default property services to be performed on Plaintiff and other borrower properties, in order to secure the property and collect on the debt asserted by the lender.

6

21.     Theses default property services include, by way of example only, eviction, securing and winterizing property, interior and exterior property inspections, home lock-outs and lock-changing, boarding-up of delinquent properties, landscaping, and other services purportedly intended to collect on and secure the property that is collateral for the delinquent loan.

22.     HSBC and BOA authorized Doe Defendants to provide such property services *during* delinquency or default periods and *during* the judicial foreclosure process – while Plaintiff and other home loan borrowers still had a legal right to be in their homes, and in contravention of the terms of their mortgages.

23.     Additionally, inasmuch as BOA and/or HSBC unfairly and unlawfully charged, to the loan accounts of Plaintiff and similarly situated home loan borrowers, costs and monies for the provision of such default property services by Doe Defendants, with respect to the unlawful entries described herein, such charges are improper and unlawful.

24.     Applicable law provides that Plaintiff and other home loan borrowers are entitled to possession of the property until conclusion of the judicial foreclosure process, including judgment in favor of HSBC, a court order of possession, sale approved by the court, and statutory waiting periods.

25.     The Illinois Mortgage Foreclosure Law (IMFL) provides for judicial foreclosure. 735 ILCS 5/15-1101 *et seq*.

26.     Homeowners in Illinois are afforded, by the IMFL, a seven-month period of redemption after they are served with a mortgage foreclosure summons. 735 ILCS 5/15-1603. The actions of Defendants, described herein, deprive homeowners of the equity of redemption.

27.     Defendants may take possession of a property in foreclosure when authorized by applicable law, including, for example, after entry of a judgment of foreclosure and through the

30th day after a foreclosure sale is confirmed. *E.g.,* 735 ILCS 5/15-1701(c).

28.     In order to secure and collect on property assets, BOA and/or HSBC and Doe Defendants operating individually and at their direction have unlawfully and without borrower notice or consent entered and asserted control over Plaintiff's and other borrowers' homes in foreclosure, before the judicial foreclosure process was complete.

29.     Defendants, since their break-in to Plaintiff's home, Defendants have continued to authorize, order or perpetrate unlawful home entries, to the detriment of other home loan borrowers.

30.     Defendants, including BOA and HSBC, are liable for the acts of their agents, and in fact have recklessly and carelessly failed to ensure that their agents, including Doe Defendants, acting in furtherance of HSBC'S and other lenders' asserted rights under its mortgages, comport with duties under applicable law.

### Allegations as to Plaintiff

31.     On or about May 22, 2008, HSBC filed its Complaint to Foreclosure Mortgage based on alleged default by Plaintiff.

32.     While that foreclosure action was pending, on multiple occasions on and/or after August 11, 2008, Defendants and/or their agents, prior to entry of any court order of possession, prior to the expiration of the redemption period under the Illinois Mortgage Foreclosure Law, without obtaining permission from the foreclosure court, and without providing notice to or obtaining consent from Plaintiff/the borrower (herein, "notice or consent"), forcibly entered Plaintiff's home and/or onto Plaintiff's property that is the subject of the foreclosure lawsuit, 1710 W. Marquette Road, Chicago Illinois 60636.

33.     On or about August 11, 2008, Defendants broke down the home's back door,

broke and changed the home locks, boarded up windows on the first floor, boarded-up and destroyed basement windows, kicked in the garage door, and deprived Plaintiff of access to her home. Defendants also "winterized" the kitchen and bathrooms and removed copper pipes from the basement.

34. On or after August 11, 2008, though Plaintiff's home was occupied, agents of HSBC and/or BOA attempted to break-in to her home apparently using a "slim-jim" to gain entry through the front window.

35. On or after August 11, 2008 Defendants again gained illegal entry to Plaintiff's home and ripped copper pipes from the basement.

36. Plaintiff discovered this conduct only after Defendants forcibly perpetrated it. But, Plaintiff's home was occupied at the time of the Defendants' illegal break-ins and property servicing, and had not been abandoned. In order to regain entry to her home after an August 2008 Defendant break-in, Plaintiff was forced to spend her last dollars to replace the home locks. As set forth above, moreover, Defendants' conduct deprived Plaintiff of the use of her home in the condition pre-existing Defendants' break-ins.

37. Such activity perpetrated by Defendants purportedly falls under the innocuous rubric of default servicing for properties after a borrowers are delinquent in paying their loans.

38. Defendants have ordered and performed similar default property services, in like fashion, in the homes of other borrowers. HSBC and/or BOA have continued to perpetrate such misconduct and have forcibly entered or locked out other borrowers in default from their homes, including in the State of Illinois and while a judicial foreclosure proceeding was pending, after Countrywide Home Loans Servicing, LP became BAC Servicing (now BOA).

**Imposition of Borrower Charges for Default Property Services**

39.     Defendants, Plaintiff reasonably believes, caused or were likely to have caused charges to be assessed Plaintiff and other borrowers' "loan accounts" (*i.e.*, the accounting showing borrower monies owed pursuant to their mortgages, notes, and/or home loans) for the above-described misconduct, *i.e.,* for Doe Defendants' purported property servicing of Plaintiff's home including without limitation their above-described boarding-up windows, changing of locks, breaking down doors and home "winterization"; and that BOA and HSBC and/or their Doe Defendant agents have imposed such charges, appearing, *inter alia,* as an "advance" on a Defendant foreclosure complaint and affidavit filed in Plaintiff's above-described foreclosure lawsuit, as lawful, as valid debts owed by Plaintiff and similarly situated home loan borrowers.

40.     As such, Plaintiff and other home loan borrowers who were struggling to keep their homes are allegedly on-the-hook to pay charges for Defendants' so-called default property services, which Defendants surreptitiously added to their loan accounts, purportedly as valid charges allowed under their mortgages.

41.     As such, HSBC and/or BOA have sought to collect against Plaintiff, and other borrowers, on such charges for the above-described default property services, including by way of ongoing written correspondence from BOA, such as its letter to Plaintiff in July 2011 which asserts a debt owed for hundreds of thousands of dollars, presumably for Plaintiff's asserted unpaid loan balance and related charges, including on information and belief charges pertaining to the said default property services.

42.     The Notes and/or Mortgages of Plaintiff and other borrowers typically allow lenders and their mortgage servicers like BOA to pay for necessary, reasonable and/or appropriate costs for default services and to be reimbursed by the borrower, consistent with

applicable law.

43.     But, any such charges imposed by Defendants for the above-described default property services were ordered and/or performed by Defendants inconsistent with applicable law as set forth herein, and were not necessary, reasonable and/or appropriate.

44.     Due to the voluminous number of loan delinquencies, Countrywide and its mortgage servicing subsidiaries (such as Countrywide Home Loans Servicing, LP), including what is now BOA as set forth above, sought to profit from the provision of such default property services, by marking-up the costs of such services and imposing charges on borrower loan accounts for such services in excess of market rates, by charging borrowers for performance of default property services that were not reasonable and appropriate, and/or by assigning default property services work to affiliated entities which enabled Countrywide servicers such as Countrywide Home Loans Servicing, LP or BAC Servicing, now known as BOA, or their affiliates, to profit or benefit further.

45.     Inasmuch as such debt for such charges was asserted, by HSBC and BOA, against Plaintiff for such default property services when seeking to collect on Plaintiff's home loan, Plaintiff's credit has been damaged as a result.  Indeed, Defendants have asserted charges and debt against Plaintiff innocuously styled as "Advances" in excess of four thousand dollars, which to loan industry insiders are known or likely to include, on information and belief, charges for the so-called default services performed on Plaintiff's property described above, and which Plaintiff discovered only thereafter.

46.     On information and belief, charges for Defendants' above-described property services, that were or were likely to have been levied to Plaintiff and other borrower loan accounts, may be in excess of the actual charge or cost or market value of the work property

service performed, and/or for property service work orders that BOA wrongly passed-on to its affiliates in order to profit and/or to benefit, *e.g.,* which enabled Defendants to benefit from enhanced borrower debt owed to the Defendants and by virtually paying their affiliates for the work.

47.     Specifically, a Federal Trade Commission (FTC) lawsuit filed against BAC Home Loan Servicing, LP formerly doing business as Countrywide Home Loans Servicing, LP, and against Countrywide Home Loans, Inc. alleges in detail how said defendants have deceptively and unlawfully profited from imposition of charges for such default property services in the same fashion.

48.     BAC Servicing, formerly doing business as Countrywide Home Loans Servicing, LP, and its successor, BOA, are party to a Consent Judgment and Order with the FTC, in June 2010, which settled that action and required BOA to pay one hundred eight million dollars ($108,000,000) in refunds for excessive fees that borrowers actually paid and that the FTC defendants collected for such default property services between January 1, 2005 and July 1, 2008 (which includes a several-month period in which Plaintiff was allegedly in default).  The fund is specifically for the benefit of overcharged borrowers whose home loans were serviced by said entities and Countrywide before it was acquired by Bank of America in July 2008.

49.     However, the FTC fund and settlement does not appear to provide redress for the debts that have been and continue to be asserted against such consumers for said default property service charges.  Plaintiff and similarly situated borrowers are entitled to appropriate declaratory and injunctive relief.

50.     The employment of such default property services to collect on HSBC and other lenders' asserted debt amounts to an unlawful and unconscionable quasi-foreclosure process and

debt collection practice operated at the discretion of Defendants and independent of the courts. For this reason too, Plaintiff seeks commensurate injunctive and equitable relief.

51.     Defendants' above-described home entries and related conduct wrongfully and recklessly deprived Plaintiff and similarly situated home loan borrowers of their right to peaceful possession of their homes and caused them property damage, and other compensatory damages.

52.     Plaintiff and other Class members could not have known that they were victims of Defendants' conduct until after they discovered it.  Prior to public announcement of the FTC settlement, Plaintiff and other borrowers could not have reasonably suspected that improper default property service charges had been tacked onto their loan accounts; indeed, Defendants' judicial foreclosure complaints, prove-up affidavits and proposed orders of judgment in foreclosure actions deceptively and innocuously misrepresented such charges simply as "advances"; had Plaintiff and other borrowers known that they were being or likely to be charged as such, they would have protested sooner.

## CLASS ALLEGATIONS

53.     Plaintiff brings her claims individually and, pursuant to Fed. R. Civ. Pr. 23, as representative of the following Classes of similarly situated individuals.

INJUNCTIVE RELIEF CLASS

All HSBC home loan borrowers in the State of Illinois who are in default on home loans owned by HSBC. [2]

HOME ENTRY CLASS

All HSBC home loan borrowers in the United States whose home in foreclosure HSBC or its agent entered before HSBC had a lawful right to enter the home.

---

[2] Reference to home loans owned by HSBC includes ownership of or security interest in such loans or in properties that secure such loans.  Likewise, reference to "HSBC homeowners" is to borrowers of home loan mortgages that are owned by HSBC or that have been securitized or assigned and in which HSBC has a resulting ownership interest.

HOME ENTRY SUBCLASS

All HSBC home loan borrowers in the State of Illinois whose home in foreclosure HSBC or its agent entered before HSBC had a lawful right to enter the home.

BOA NATIONWIDE CLASS

All home loan borrowers in the United States whose home in foreclosure BOA, in its capacity as a mortgage servicer, entered before the lender had a lawful right to enter the home.

BOA SUBCLASS

All home loan borrowers in the State of Illinois whose home in foreclosure BOA, in its capacity as a mortgage servicer, entered before the lender had a lawful right to enter the home.

BOA CHARGE CLASS

All home loan borrowers who have incurred debt for default property services ordered by BOA between January 1, 2005 and July 1, 2008.

HSBC CHARGE CLASS

All HSBC home loan borrowers who have incurred debt for default property services ordered by BOA between January 1, 2005 and July 1, 2008.

Excluded from each Class[3] are Defendants' officers, directors and employees, Plaintiff's counsel, and any member of the judiciary presiding over this action.  At this time, Plaintiff does not seek corrective injunctive relief to prevent future unlawful home entries from BOA.

54.     Plaintiff reasonably believes each Class numbers at contains in excess of 100 members, making  joinder of all members of the Class is impracticable.

55.     Defendants' unlawful conduct as set forth herein is generally applicable with respect to each Class as a whole, so that declaratory relief and corresponding injunctive relief are

---

[3] References herein to Class members or the Class are to each Class and Subclass, unless otherwise noted.  Plaintiff intends to amend her class allegations and to add additional subclasses, pursuant to discovery, as appropriate.

appropriate. The similarly situated home loan borrowers harmed or likely to be harmed by Defendants' alleged misconduct have a right to be free of that misconduct, and the Classes of borrowers whose homes have been unlawfully entered and/or damaged by Defendants' misconduct, or whose loan accounts have been improperly charged for default property services, are entitled to corrective injunctive relief as well.

56.     Plaintiff's claims are typical of the claims of other Class members, who have all been victimized by Defendants' misconduct.

57.     Plaintiff will fairly and adequately protect the interests of the Class; Plaintiff has no interests antagonistic to said Class members; and Plaintiff has retained counsel competent and experienced in class action litigation.

58.     Common questions of law or fact exist as to all members of the Classes, and predominate over questions affecting only individual Class members, including, without limitation, as follows:

    a.   Whether Defendants' conduct violates the Illinois Consumer Fraud Act;

    b.   Whether Defendants committed trespass with regard to Plaintiff and Class members' property in violation of the common law;

    c.   Whether Defendants' conduct was negligent with respect to Plaintiff and Class members' property in violation of the common law;

    d.   Whether HSBC breached its mortgage contracts with Plaintiff and the Class; and

    e.   Whether Plaintiff and the Class are entitled to a declaration of rights as set forth below.

59.     Indeed, Defendants have established a policy and practice whereby, at the orders

of servicers like BOA, and lenders like HSBC, Doe Defendant default property servicers are automatically tasked with the job of performing exterior and interior property inspections, property board-ups and lock-ups, personal property removal, and/or other work when Plaintiff and putative Class members become delinquent on their loan payments.

60.     Defendants initiate these orders and perform such work as a matter of course, absent protocols in place to adequately or at all properly obtain notice or consent or comport with deadlines or obligations imposed by judicial foreclosure law.  Such class-wide default processes show disregard for applicable law, but Defendants employ such processes to attempt to keep up with the massive volume of loans they have agreed to maintain that has spun beyond their control.

61.     As a result, members of the Class are likely to be harmed by Defendants' future misconduct, including Plaintiff (a motion by HSBC to vacate her foreclosure judgment is presently pending).

62.     A class action provides a superior and manageable method for fairly and efficiently adjudicating this controversy because, among other things, joinder of all members of the Class is impracticable, prosecution of individual actions risks inconsistent adjudications of the same matter, and many members of the Class cannot feasibly vindicate their rights by individual suits because they are indigent and their damages are outweighed by the burden and expense of litigating individual actions against Defendants.

## CAUSES OF ACTION

63.     Plaintiff brings each of the following causes of action individually and as proposed representative of other members of the Class, and in the alternative consistent with applicable facts or law.

**COUNT I**
**TRESPASS**
**(Against BOA, HSBC and Doe Defendants)**

64.     Plaintiff repeats and re-alleges the preceding allegations as though fully set

forth herein, and brings Count I individually and on behalf of the Home Entry Subclass, the BOA

Subclass, the HSBC Charge Class, and the BOA Charge Class.

65.     Plaintiff has a mortgage purportedly owned in relevant part by HSBC, and BOA

provided the loan servicing for the mortgage that is secured by Plaintiff's home, which, at

relevant times, was the object of HSBC's foreclosure lawsuit.

66.     As more fully described above, on or about August 11, 2008 and thereafter,

Defendants willfully, forcibly and illegally entered onto Plaintiff's property and into her home,

broke down the back door, boarded-up windows, destroyed property, changed the home locks

and locked Plaintiff out of her home, as more fully set forth above.

67.     As a result of Defendants' willful, forcible and illegal entry into her home and as

a result of Defendants having changed the home locks, Plaintiff was deprived of access to her

home.

68.     Defendants have perpetrated similar misconduct with respect to other home loan

borrowers as set forth above.

69.     Defendants, by perpetuating their above-described conduct and unlawfully or

forcibly entering Plaintiff and other borrower homes without notice or consent, have trespassed

in violation of the common law.

70.     As a result of Defendants' trespass, Plaintiff and other home loan borrowers

were damaged as set forth above, and are entitled to nominal, compensatory, and punitive

damages.

## COUNT II
### NEGLIGENCE
**(Against BOA, HSBC and Doe Defendants)**

71.     Plaintiff repeats and re-alleges the preceding allegations as though fully set forth herein and brings Count II individually and on behalf of the Home Entry Subclass, the BOA Subclass, the HSBC Charge Class, and the BOA Charge Class.

72.     BOA, HSBC and Doe Defendants owe Plaintiff and other home loan borrowers a duty to use reasonable care when taking or establishing control over their real and personal property, including when Defendants forcibly entered and locked-out Plaintiff on or about or after August 11, 2008.

73.     BOA, HSBC and Doe Defendants, when raiding, taking over and locking out Plaintiff and other home loan borrowers from their homes, owe them a duty to comply with applicable law, which, *inter alia,* protects the rights of the Class from displacement, premature possession of their properties, and trespass.

74.     The Illinois Mortgage Foreclosure Law imposes a duty of care that Defendants have breached in forcibly raiding and taking possession of Plaintiff and other Class members' homes as set forth above, *e.g.,* by failing to obtain a prior court order.

75.     It was reasonably foreseeable to Defendants that an injury would occur as a result of locking Plaintiff out of her home and destroying her property, as set forth above, without notice or consent or court order, and during the judicial foreclosure process.

76.     It was likely that Plaintiff's property rights would be injured by Defendants' actions of locking Plaintiff out of her home, boarding-up her home, changing the locks on her home, and destroying her property, without notice or consent or court order, and during the foreclosure process.

77.     The burden to Defendants of guarding against such an injury is minimal, involving, for example, providing notice to home loan borrowers prior to attempting to forcibly enter their homes or destroy their property.

78.     The consequence to the Defendants of imposing upon them the burden of providing notice to home loan borrowers whose homes are delinquent, in default, and/or in foreclosure would be minimal, and in fact, would benefit Defendants as it would provide efficiencies and accuracies in Defendants' procedures for home loan borrower properties in delinquency, default or foreclosure.

79.     Defendants exercised control over Plaintiff and other Class members' real and personal property after they forcibly and unlawfully entered the property, changed the locks, and took liberties with Plaintiff's property as set forth above.

80.     Defendants, in breach of their above-described duties of reasonable care, failed to exercise reasonable care over said property; to the contrary, Defendants destroyed it, failed to comply with applicable law, failed to implement procedures to sufficiently ensure compliance with applicable law and to avoid such property destruction and damage, failed to reasonably safeguard and protect their property, and failed to properly track judicial foreclosure proceedings to ensure home entry of Plaintiff and other borrower properties in foreclosure was lawful, as more fully set forth above.

81.     Plaintiff and other home loan borrowers were damaged as a result of BOA, HSBC and Doe Defendants' aforesaid breaches, as more fully set forth above.

82.     At relevant times Defendants had exclusive knowledge of the aforesaid breaches; Plaintiff and the other borrowers could not have known of said breaches until they were damaged.

## COUNT III
### VIOLATIONS OF THE ILLINOIS FRAUD
### AND DECEPTIVE BUSINESS PRACTICES ACT
### (Against BOA, HSBC and Doe Defendants)

83.     Plaintiff repeats and re-alleges the preceding allegations as though fully set forth herein and brings Count III individually and on behalf of the Injunctive Relief Class, Home Entry Subclass, the BOA Subclass, the HSBC Charge Class, and the BOA Charge Class.

84.     The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") prohibits unfair and deceptive conduct.  815 ILCS 505/2 *et seq*.

85.     Plaintiff  has purchased or contracted for her mortgage, which is "the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of his household," and is therefore a "consumer" for the purposes of the ICFA.  735 ILCS 505/1(e).

86.     As set forth more fully above, Defendants have committed trespass against Plaintiff and the Class, have acted negligently in the destruction of and the failure to safeguard and secure Plaintiff's property, and have breached and failed to respect Plaintiff and other home loan borrowers' privacy – which is oppressive, unethical, immoral, subverts the judicial foreclosure process and offends public policy, and caused and is likely to cause substantial injury to Plaintiff and the other borrowers, as set forth more fully above.

87.     Defendants' carelessness and recklessness in forcibly entering Plaintiff and other home loan borrowers' properties caused damage to Plaintiff and said borrowers as more fully set forth above, disregards their rights and is unfair within the meaning of the ICFA.

88.     On or about August 11, 2008, Defendants illegally and forcibly entered Plaintiff's home without notice or consent.  After gaining entry by breaking-in through the back door, Defendants boarded-up windows on the first floor and basement, destroyed the basement

windows, changed the home locks, "winterized" the bathrooms and kitchen, removed copper pipes from basement.

89.  Defendants' illegal and multiple break-ins into Plaintiff's home took place within the statutory redemption period afforded home loan borrowers such as Plaintiff under the Illinois Mortgage Foreclosure Law ("IMFL"), 735 ILCS 5/15-1603, and thereby deprived Plaintiff of the equity of redemption.  Further, Defendants' illegal break-ins in to Plaintiff's home deprived her of her right to possess her home prior to a judgment of foreclosure and through the 30th day after confirmation of a foreclosure sale and thereby offends the IMWL.  *E.g.,* 735 ILCS 5/15-1701 (b)-(c).

90.  Defendants' multiple and illegal break-ins and property destruction, as more fully set forth above, offends the rights of Plaintiff and other borrowers to privacy and to the peaceable possession of their homes under applicable law, including the common law.

91.  Such conduct too violates public policy, caused substantial injury, and is immoral, unethical, unscrupulous and oppressive in violation of the ICFA.

92.  Defendants' conduct is continuing in nature and is likely to continue.  Defendants have locked and boarded-up Plaintiff and other borrowers' homes, as more fully set forth herein. Defendants engage in a practice of unlawful home entry, which damages home loan borrower properties without due regard for obtaining permission of the court for homes in foreclosure, and in total disregard of the Illinois Mortgage Foreclosure Law such as the redemption period provision, or the provisions requiring a court order to take possession.

93.  Additionally, Defendants have charged or were likely to have charged Plaintiff and other borrowers for the cost of performing its above-described default "property-servicing," which is unfair, immoral, unethical, offends public policy and which caused or is likely to have

caused Plaintiff and other home loan borrowers substantial injury as more fully set forth above.

94.     Defendants have perpetrated similar conduct as described above, to other home loan borrowers, after the events of August 2008.  Indeed, Defendants' policies and procedures automatically provide for the initiation of such property preservation services upon borrower delinquency or default.

95.     Plaintiff and other borrowers are thus entitled to commensurate injunctive relief, and are entitled to relief to avoid future harm.  Plaintiff and other home loan borrowers are further entitled to an order prohibiting Defendants from continuing to perpetrate its unlawful entry and quasi-foreclosure practice, and from continuing to collect debts and/or assert charges for such unlawful and unfair "default property services," as more fully set forth above.  Plaintiff and other borrowers are also entitled to an accounting of "Advances" and monies tacked onto their loan accounts for such default property services.

96.     Defendants intended that Plaintiff and other borrowers would rely on their conduct, would incur the aforementioned debts, and would permit Defendants to perpetrate their default property services.  Indeed, Plaintiff and other borrowers had no choice but to submit to Defendants' misconduct, wherein they forcibly entered their properties without notice or consent.

97.     As a result of Defendants' above-described unfair conduct, Plaintiff and other home loan borrowers sustained damages as more fully set forth above.

**COUNT IV**
**BREACH OF CONTRACT**
**(Against HSBC)**

98.     Plaintiff repeats and re-alleges paragraphs 1-63 as though fully set forth herein and brings Count IV individually and on behalf of the Home Entry Class, Home Entry Subclass,

and HSBC Charge Class.

99. At relevant times HSBC succeeded to Countrywide as party to Plaintiff's Mortgage and Note that constitutes Plaintiff's contract, and was also party to contracts, containing substantially similar language, in effect for members of the Class (collectively herein, the "contract"). *See* Mortgage and Note, attached hereto as Exhibit A.

100. HSBC, individually and/or by its agents, forcibly entered and authorized entry into Plaintiff and other home loan borrowers' properties without notice or consent, as described above.

101. By the express terms of the contract, in performing the contract HSBC is obligated to abide by applicable federal and state law requirements and limitations, including for example the Illinois Mortgage Foreclosure Law, the ICFA, and the common law including without limitation, the law of trespass, conversion, negligence, and breach of contract. Exhibit A ¶ 16. HSBC breached this term of the contract by failing to abide by said obligations, as more fully set forth above.

102. The contract does not authorize HSBC's aforesaid conduct, including without limitation the destruction of Plaintiff's property as described above. HSBC breached the terms of the contract by taking its above-described actions, and by the destruction of property on or about August 11, 2008 and thereafter, which is not allowed under the contract. *See* Ex. A ¶ 9.

103. HSBC breached the contract by failing to have reasonable cause to inspect the interior of Plaintiff's property, prior to forcibly entering and inspecting the property in August, 2008, as required under the contract. *See* Exhibit A ¶ 7.

104. HSBC breached the contract by failing to give Plaintiff notice specifying such

reasonable cause at the time of or prior to inspecting the interior of the property on or about August 11, 2008 and thereafter, as required under the contract. *See* Exhibit A ¶ 7.

105. HSBC had all of the discretion in the manner in which it secured its interests in borrowers' properties that were delinquent, in default, and/or in foreclosure. Exhibit A ¶ 9 ("Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and the rights under this security instrument."). HSBC breached the implied covenant of good faith and fair dealing required under the contract, in performing this provision of the contract and its contractual obligations, when it exercised this discretion arbitrarily, capriciously, and in a manner inconsistent with such language, and inconsistent with Plaintiff and other similarly situated home loan borrowers' reasonable expectations, *e.g.,* when it forcibly entered Plaintiff and other borrowers' homes, destroyed property, changed the home locks and dispossessed borrowers like Plaintiff, without notice or consent, and while home loan borrowers, including Plaintiff, had a right to possession.

106. HSBC has perpetrated said breaches not only as to Plaintiff but also with respect to other HSBC home loan borrowers.

107. Plaintiff and other HSBC home loan borrowers performed mortgage obligations consistent with the contract in that they did not "destroy, damage or impair the Property," or "allow the Property to deteriorate or commit waste on the Property." Exhibit A ¶ 7. In fact, Plaintiff even maintained a lawn care service for her home at relevant times.

108. As a result of HSBC's aforesaid breaches, Plaintiff and other HSBC home loan borrowers were damaged. Specifically, as a result of HSBC's aforesaid breaches, Plaintiff incurred real and personal property damages including but not limited to the destruction of

basement windows, garage and home doors, home locks, torn-out copper pipes, replacement costs, and consequential and compensatory damages.

## COUNT V
## DECLARATORY JUDGMENT INCLUDING
## CORRESPONDING INJUNCTIVE RELIEF
## 28 U.S.C. §§ 2201, 2202
## (Against BOA, HSBC and Doe Defendants)

109.     Plaintiff repeats and re-alleges the preceding allegations as though fully set forth herein and brings Count V individually and on behalf of the putative Class members.

110.     BOA, HSBC and/or Doe Defendants' conduct set forth above violates the Illinois Mortgage Foreclosure Law (IMFL), as well as the Illinois Consumer Fraud Act and the common law as more fully set forth above.

111.     Plaintiff and other home loan borrowers on the one hand, and the Defendants on the other hand, have adverse legal interests, and there is a substantial controversy between the parties that the Court can resolve by declaring the parties' respective rights.

112.     Plaintiff and other home loan borrowers are entitled to a declaration, *inter alia,* that that BOA, HSBC and Doe Defendants have no lawful authority to enter, control or possess Plaintiff and other Class members' homes, including deprivation and control of personal possessions therein, without notice or consent, unless or until authorized by applicable law such as the IMFL.

113.     Inasmuch as HSBC and/BOA has taxed or ordered improper costs and charges, for Doe Defendants' aforesaid entries and default property services, to the accounting of monies owed by Plaintiff and other home loan borrowers as set forth above, Plaintiff seeks a declaration that such charges are unlawful and void, an accounting of such charges (including related or resulting charges or accruing interest), an order preventing Defendants from continuing to assert

25

debts for such charges, an order providing for a refund or credit of such charges taxed to borrowers who are not eligible to receive refunds pursuant to the above-described FTC-BOA settlement, including associated interest, and finance charges.

114.  Plaintiff and other home loan borrowers are entitled to a declaration that that BOA and/or HSBC and Doe Defendants have no lawful authority to collect on debts and secure their interests by forcibly entering, controlling and/or possessing Plaintiff and other Class members' homes including without notice or consent, and in violation of applicable law (including the above-described common law and the IMFL) as set forth more fully above.

115.  Plaintiff further seeks corresponding injunctive relief for herself and similarly situated home loan borrowers.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment for Plaintiff individually and on behalf of all others similarly situated, and against Defendants, and that the Court order as follows:

a.  Certify the Classes, and designate Plaintiff as a class representative and her counsel as class counsel;

b.  Declare the rights of the parties as set forth above;

c.  Find that BOA, HSBC and/or Doe Defendants violated the common law of trespass, negligence, and beach of contract, and violated the Illinois Consumer Fraud and Deceptive Business Practices Act, as set forth more fully above;

d.  Order injunctive relief as set forth above, including without limitation enjoining Defendants from continuing to possess or enter Class member homes, in unlawful fashion and/or without notice or consent as set forth above, requiring Defendants to provide an accounting of the assessment of the above-described default property service charges; requiring Defendants to void any debts asserted against Plaintiff and the Class for improper charges relating to the unlawful home entries and related activity as set forth above, and enjoining Defendants from continuing to assert any debts against Class members for the default property service charges;

e.       Award appropriate restitution to Plaintiff and the putative Class members, require Defendants to account for all monies improperly received as a result of their aforementioned conduct, enjoin Defendants from dispersing said monies, and impose a constructive trust on said monies until further order of the Court;

f.       Award all applicable damages as permitted by law, including any actual, economic, compensatory, exemplary and punitive damages;

g.       Award reasonable attorney's fees and costs including expert costs; and

h.       Provide such other and further relief that the Court deems proper.

### JURY DEMAND

Plaintiff demands a trial by jury as to all matters so triable.

Respectfully submitted,

CYNTHIA LOBBINS, individually and on behalf of all others similarly situated

By: /s/ Ilan Chorowsky
        One of Plaintiff's Counsel

Anita Dellaria (Ill. Reg. # 6301587)
Ilan Chorowsky (Ill. Reg. # 6269534)
Progressive Law Group LLC
505 North LaSalle, Suite 350
Chicago, IL 60654
Ph: 312-787-2717

The Law Office of Kelli Dudley
Kelli Dudley
9130 S. Houston Ave., 1st Floor
Chicago, IL 60617-4319
Ph: 312-771-9770

The Chicagoland & Suburban Law Firm, P.C.
Amir Mohabbat
248 S. Marion St., Suite 104
Oak Park, IL 60302
Ph: 815-501-1345